NO. 07-00-0502-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 15, 2001

______________________________

JUAN J. GONZALES,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 180
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 847304; HON. DEBBIE STRICKLIN, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before QUINN, REAVIS and 
JOHNSON
(footnote: 1),
 JJ.

Juan J. Gonzales (appellant) appeals from a judgment convicting him of engaging in organized criminal activity for the purpose of committing theft of a motor vehicle.  The clerk’s record in this cause was filed with this court on December 29, 2000.   Pursuant to appellate counsel’s representations to the trial court,
(footnote: 2) no reporter’s record was made concerning the matters on appeal.  Thereafter, a supplemental clerk and reporter’s records were filed on April 18, 2001.  Thus, appellant’s brief was due on May 18, 2001.  May 18
th
 passed without our receiving either an appellant’s brief or a motion for extension of time to file said brief.
(footnote: 3)
 Accordingly, we abate and remand this appeal to the 180th District Court of Harris County, Texas (district court), and order the district court to immediately notice and conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant’s counsel has denied his client effective assistance because of counsel’s failure to timely file a brief, and 3) whether appellant is indigent and entitled to new appointed counsel (should the district court conclude that present counsel is unable to file a brief within 30 days of the hearing).  We further direct the district court to issue findings of fact and conclusions of law addressing the foregoing subjects and disclosing the name, address, state bar number, and telephone and fax numbers of any substitute counsel appointed.  The district court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before July 18, 2001.  Should additional time be needed to perform these tasks, the district court may request same on or before July 18, 2001. 

     It is so ordered.                                           

                                                                           Per Curiam 

 Do not publish. 

FOOTNOTES
1:
Justice Johnson did not participate in the resolution of this proceeding.

2:
This matter was abated once before on January 18, 2001 for the purpose of determining whether appellant was entitled to a free reporter’s record.  During the hearing on the abatement, counsel advised the trial court that the appeal concerned pre-trial motions only and that a record was not made regarding those motions. 

3:
Pursuant to Texas Rule of Appellate Procedure 2, we waive 38.8(b)(2) of the same rules.  We do so because appellant’s counsel was notified by letter of his failure to file a brief in 
Garza v. State
, No. 00-0501-CR, which also pends in this court.  
Garza
 is a companion case to that at bar.  And, despite our letter in 
Garza
 informing counsel of the lapsed briefing deadline (which letter also referenced the cause number of this case), counsel neither filed a brief or responded to our correspondence.  Consequently, we conclude that application of Rule 38.8(b)(2) would not expedite, but rather prolong, the disposition of this case.